UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 2 2018

General Electric Company,

          Petitioner,

–v–

Sampo Corporation, *et al.*,

          Respondents.

16-CV-2456 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On April 2, 2016, Petitioner General Electric Company ("GE" or "Petitioner") filed a petition to confirm an arbitration award, including supporting papers and a memorandum of law in support of confirmation. Dkt. Nos. 1-5. After the issuance of letters rogatory, Dkt. No. 17, and the voluntary dismissal of one respondent, Dkt. No. 15, the Court issued a scheduling order requiring that Petitioner docket a certificate of service no later than April 25, 2017, and that the remaining respondent, Sampo Corporation, serve any opposition to the petition by May 7, 2017. *See* Dkt. No. 21.

On March 29, 2017, Petitioner filed an affidavit of service confirming that the petition was served upon Respondent Sampo Corporation by the Taiwan Taoyuan District Court, and that the scheduling order was both mailed and hand delivered to Sampo Corporation. Dkt. No. 25. Nonetheless, Respondent Sampo Corporation failed to oppose or otherwise respond to GE's petition, and has not appeared in this action. On May 15, 2017, the Court deemed the petition fully submitted and unopposed. Dkt. No. 41. The Court will now consider the motion to confirm the arbitration award. For the following reasons, the motion is GRANTED.

## I. Standard of Review

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). The Second Circuit has recognized that "an extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007). Accordingly, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 110 (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (internal quotation marks omitted). "Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 75 (2d Cir. 1997).

When confirmation of the award is unopposed, "'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trustees of the UNITED HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair* at 110). Thus, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair* at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). If the evidence is insufficient to meet this burden, summary judgment must be denied even without opposing evidentiary matter. *See id.*

## II.    The Court Grants Petitioners' Motion to Confirm the Arbitration Award

As an initial matter, the Court notes that it has jurisdiction over this matter for three reasons.  First, pursuant to 28 U.S.C. § 1332(a)(2), the Court has subject matter jurisdiction because GE is a New York corporation and respondents are foreign corporations and the amount in controversy exceeds $75,000.  Second, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") lends this Court an independent basis for subject matter jurisdiction. June 10, 1958, 21 U.S.T. 2517 (implemented and codified at 9 U.S.C. §§ 201-208); *see Crystal Pool AS v. Trefin Tankers Ltd.*, No. 12-CV-9417(RA), 2014 WL 1883506, at *2 (S.D.N.Y. May 9, 2014).  Finally, the Court has personal jurisdiction over the parties because they consented to arbitration in New York and did in fact arbitrate in New York. *Crystal Pool*, 2014 WL 1883506, at *2.

Petitioners have presented undisputed evidence demonstrating that arbitration was appropriate in this case.  GE Appliances Asia Limited ("GE Appliances Asia") and GEA Parts, LLC ("GEA Parts") entered a manufacturing contract in February 2002 with Sampo Enterprise for the manufacture of certain consumer appliances, including GE-branded refrigerators. *See* Petition to Confirm Arbitration Award ("Pet."), Dkt. No. 1 ¶ 8.  In July 2002, the contract was amended to add Respondent Sampo Corporation as a seller. Pet. ¶ 9.  Under the contract, Sampo Corp. and Sampo Enterprise agreed to indemnify GE Appliances Asia and GEA Parts and their affiliates and customers from all claims arising from products sold and/or supplied by Sampo Corp. and Sampo Enterprise. Pet. ¶ 10.  At all relevant times, GE Appliances Asia was an indirect subsidiary and affiliate of Petitioner GE.

In January 2013, Sabreliner made a claim against GE with respect to a fire that occurred at a Sabreliner facility allegedly caused by a GE-branded refrigerator manufactured by Sampo Enterprise and sold by Sampo Corp. Pet. ¶ 13.  GE requested that Respondents defend and indemnify GE pursuant to the terms of the contract, but they refused. Pet. ¶¶ 14, 17.  The manufacturing contract contained an arbitration clause that required a dispute of this nature be

3

submitted to arbitration, Pet. ¶ 17, and a hearing was held from November 9-11, 2015 before a three-member arbitration panel. Pet. ¶ 21. GE and Sampo Corp. appeared at the in-person hearing, were represented by counsel and submitted documentary evidence and witness testimony, while Sampo Enterprise, despite proper notice, did not appear. Pet. ¶¶ 21-22.

On February 4, 2016, the arbitration panel transmitted a final award. Pet ¶ 23; Declaration of Arthur E. Maravelis in Support of General Electric Company's Petition to Confirm Arbitration Award ("Maravelis Decl."), Dkt. No. 5, at Ex. 5 ("Final Award"). The panel made numerous findings of fact. For example, it found that the sale of the Sabreliner refrigerator happened within the time period governed by the contract manufacturing agreement ("CMA"), that the CMA provisions extend to GE as a customer and affiliate of GE Appliances Asia, and that GE's conduct and settlement of the Sabreliner litigation was reasonable. Final Award at 4. Ultimately, the panel found that Sampo Corporation and Sampo Enterprise Co. shall jointly and severally pay to GE $3,051,817.22, consisting of $2,500,000 on GE's indemnity liability claim, $171,174.81 on GE's attorney's fees and costs, and $380,642.41 in pre-judgment interest representing 9% of the foregoing sums from the date of the demand through the date of award. *Id.* at 5. The panel also awarded administrative fees and expenses for the International Centre of Dispute Resolution (ICDR) and compensation and expenses of the panel. *Id.*

Having reviewed Petitioners' submissions with requisite deference to the arbitrator, the Court finds more than the required "barely colorable justification" for the arbitrator's award. *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797)). There is no valid basis to vacate, modify, or correct the Final Award here. Given this, the Federal Arbitration Act mandates that this Court confirm the Final Award. *See* 9 U.S.C. § 9. There is no evidence that the panel committed any impropriety with respect to the arbitration or Final Award, such as through corruption, fraud, or some other impropriety. Nor did the panel manifestly disregard any well-defined legal principle. Accordingly, the award is confirmed in its entirety.

## III. Conclusion

Petitioners' motion to confirm the arbitration award of $3,051,817.22 is GRANTED.

The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: January ____, 2018
      New York, New York

ALISON J. NATHAN
United States District Judge